UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NEFTALI R. ROMAN, :
Plaintiff, :
: PRISONER
v. : CASE NO. 3:13-cv-305(JBA)
:
WARDEN SEMPLE, et al., :
Defendants. :

INITIAL REVIEW ORDER

The plaintiff, Neftali R. Roman, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Warden Semple, Investigator Correctional Officer J. Fernandes and Correctional Officer Byars. As the plaintiff only seeks damages, the court assumes that all defendants are named only in their individual capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not

required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that on January 19, 2013, at 8:15 p.m., he spoke to defendant Byars about issues the plaintiff was having with his cell mate. The plaintiff wanted to have his cell changed. The plaintiff claims that his cellmate was offering other inmates coffee the plaintiff had purchased in the commissary.

Immediately after the conversation, the plaintiff was assaulted by his cellmate for not giving him a cup of coffee. The plaintiff was struck several times on his face. The plaintiff requested medical attention from an unidentified staff member but he was not seen by a nurse until the next day. The plaintiff asked to speak with the Connecticut State Police but

unidentified persons refused to call them.

Defendant Byars issued the plaintiff a disciplinary report for fighting. The plaintiff explained to all three defendants and the disciplinary hearing officer what happened, but was kept in segregation.

The court construes the complaint as asserting a claim against defendant Byars for failure to protect the plaintiff from harm and a claim against all three defendant for false accusation.

Prison officials have a duty to make reasonable efforts to ensure inmate safety. This duty includes protecting inmates from harm at the hands of other inmates. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997). To establish a constitutional violation, a prisoner must show that the conditions of his incarceration posed a substantial risk of serious harm and that the prison official was deliberately indifferent to his safety. See Farmer, 511 U.S. at 834. Deliberate indifference exists where the official both knows of and disregards an excessive risk to inmate safety. See id. at837. For example, correctional staff would be on notice of a substantial risk of serious harm where there has been prior hostility between inmates, or a prior assault by one inmate on another, and those inmates are not kept separated. See, e.g., Ayers v. Coughlin, 780 F.2d 205, 209 (2d Cir. 1985).

The plaintiff alleges only that he argued with his cellmate about the cellmate offering the plaintiff's coffee to other inmates. This allegation is insufficient to put defendant Byars on notice that there was a substantial risk of serious harm to the plaintiff. The court concludes that this allegation is insufficient to state a claim for failure to protect the plaintiff from harm. In addition, the plaintiff alleges that the incident occurred three minutes after he spoke with defendant Byars. Even if defendant Byars had believed the plaintiff and agreed to a cell change, this short time would have been insufficient to arrange a transfer.

The plaintiff also alleges that the defendants did not credit his version of events and, as a result, he was falsely accused and kept in segregation. An inmate does not have a constitutionally protected right to be free from false accusations. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997). Inmates also have no constitutionally protected right to have correctional officials believe their version of events.

There are two recognized exceptions to this rule. First, if the false accusation is made in retaliation for an inmate exercising his substantive constitutional rights, the false accusation rises to the level of a constitutional violation. See id. at 862. The plaintiff does not allege that he filed complaints or lawsuits regarding the actions of any of the

defendants. Thus, he has not alleged facts showing the exercise of any conduct that would support an inference of retaliatory intent. The second exception is where the inmate was not afforded an opportunity to rebut the false charges. See Jones v. Coughlin, 45 F.3d 677, 679 (2d Cir. 1995). As the plaintiff refers to the hearing officer, he was afforded a disciplinary hearing on the fighting charge. The fact that his version of events was not believed is insufficient to show that he was not afforded an opportunity to rebut the charges. Thus, the plaintiff's claim for false accusation fails.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2) The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 11th day of March 2013, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge